### JOHN HILTERBRAND v. THE STATE.

No. 3346.    Decided February 14, 1906.

**Local Option—Insufficiency of Evidence—Seller.**

Where upon a violation of the local option law the defendant's only connection with the transaction was to assist in getting up the money to pay the express charges on the whisky to take it out of the office, he was not a seller of the same, and the evidence did not authorize a conviction.

Appeal from the County Court of Erath. Tried below before Hon. M. J. Thompson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Nugent & Carter,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. The evidence shows that there was a C.O.D. shipment of

whisky in the express office, belonging to John Lee; that Lee did not have the money to pay it out. This became known, and there was money made up by different parties to pay the express charges and take the whisky out of the office. The alleged purchaser (Murray) gave Swanzy a dollar which was handed appellant, which it seems was to assist Lee in paying the whisky out of the express office. The evidence makes it reasonably clear that after the money was made up, appellant went with Lee, and perhaps one or two of the other boys, and Lee took the whisky from the express office, and it was divided among those who contributed the necessary fund. Murray got his bottle. The whisky was not in the name of appellant, but in the name of John Lee, and John Lee receipted and paid for it. So far as the evidence shows, appellant's only connection with it was to assist in getting up the money to pay the charges on the whisky. By this state of facts, we are of opinion that appellant was not a seller, but under the authority of the decisions heretofore rendered, Lee would be the seller. The mere fact that appellant assisted in making up the necessary fund to pay the express charges, or in assisting Murray to get a bottle of whisky in this way, would not constitute him a seller.

There are some questions reserved by bill of exceptions that are not discussed, for the reason we do not believe the evidence justified appellant's conviction. The judgment is reversed and the cause remanded.

*Reversed and remanded.*